NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

# THE SUPREME COURT OF THE STATE OF ALASKA

| | |
|---|---|
| STEVEN C. LEVI,<br><br>　　　　　Appellant,<br><br>v.<br><br>STATE OF ALASKA,<br><br>　　　　　Appellee. | Supreme Court No. S-18692<br><br>Superior Court No. 3AN-22-07198 CI<br><br>MEMORANDUM OPINION AND JUDGMENT[*]<br><br>No. 2020 – March 13, 2024 |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Herman G. Walker, Jr., Judge.

Appearances: Steven C. Levi, pro se, Anchorage, Appellant. P. Susan Mitchell, Assistant Attorney General, Anchorage, and Treg R. Taylor, Attorney General, Juneau, for Appellee.

Before: Maassen, Chief Justice, and Carney and Henderson, Justices. [Borghesan and Pate, Justices, not participating.]

1.　In 2018 we affirmed the superior court's decision upholding the Department of Labor's determination that Steven Levi had committed unemployment fraud and requiring him to repay the State for the benefits he had received, plus penalties.[1]

---

[*]　Entered under Alaska Appellate Rule 214.

[1]　*Levi v. State, Dep't of Lab. & Workforce Dev.*, 433 P.3d 1137 (Alaska 2018). A more detailed description of the underlying facts and proceedings is contained in that opinion.

2. Levi filed suit in federal district court challenging this court's decision in that case. The court dismissed his case; the Ninth Circuit Court of Appeals affirmed.

3. When Levi did not make the required repayment, the State garnished his Permanent Fund Dividends.

4. In June 2022 Levi filed suit in district court, claiming that garnishment of his PFD was improper because he had "not been proven guilty" of unemployment fraud.[2] He sought repayment of the garnished PFDs as well as damages and injunctive relief.

5. Levi later amended his complaint to add two claims. One claim alleged that the State had improperly refused to provide him with a report relating to its investigation into the "gift mortgages" corruption scheme he had alleged tainted its handling of his previous case.[3] The second claim alleged that the State had refused to provide evidence that he and his wife misappropriated funds intended for their ward in an entirely separate guardianship case. After adding the new claims Levi increased the amount of damages he sought to $3 million and added more requests for declaratory and injunctive relief. Because his new damages amount exceeded the district court's jurisdictional limit, the case was removed to superior court.[4]

6. The State moved to dismiss the case pursuant to Civil Rule 12(b)(6), arguing that Levi had failed to state a claim on which relief could be

---

**2** He also claimed that his federal case was still pending in the Ninth Circuit; the federal district court's dismissal had been affirmed.

**3** *See Levi*, 433 P.3d at 1142 n.4, 1143.

**4** *See* AS 22.15.030 (limiting district court civil jurisdiction to damages of $100,000 or less); AS 22.10.020 (providing superior court has original jurisdiction in all civil and criminal matters).

granted. Following motion practice about Levi's discovery attempts,[5] the superior court dismissed the case with prejudice, concluding that Levi failed to "raise any facts that separate his present claims from the claims that have been previously decided by the Court." Levi appeals.

7. Levi's appeal centers on three themes: that garnishment of his PFDs was improper because he "has yet to be proven guilty" of unemployment fraud; that he was entitled to a report about the "gift mortgages" scheme that he claims improperly influenced the State's actions; and that the State unfairly concluded, without providing any evidence to him or his wife, that they had misappropriated funds from their ward.

8. In *Levi v. State* we affirmed the superior court's decision affirming the Department of Labor's determination that Levi had improperly obtained unemployment compensation and requiring him to repay $25,122.[6] In doing so, we agreed with the Department that Levi had been "proven guilty" of unemployment fraud.[7]

9. Levi's claim that he "has yet to be proven guilty" of unemployment fraud is therefore incorrect; it was decided against him in the previous case.[8] As a result, it is barred by res judicata. The doctrine of res judicata applies when there is "(1) a final judgment on the merits, (2) from a court of competent jurisdiction, (3) in a dispute

---

[5] He served "19 motions of Discovery and Interrogatories" on various judges and state employees, leading the State to move to stay discovery pending resolution of its motion to dismiss.

[6] 433 P.3d at 1142, 1148.

[7] We note, of course, that the Department of Labor's administrative proceeding was not required to make a criminal finding of guilt beyond a reasonable doubt.

[8] *Id.*

between the same parties (or their privies) about the same cause of action."[9] Our decision in the previous matter satisfies all three criteria. Levi's first claim is therefore barred.

10. Levi's second claim invokes the "gift mortgages" scheme he raised in the previous case. He claims that the State's refusal to provide him with a copy of a report completed by a law firm hired to investigate the allegation or respond to other discovery requests amounts to obstruction of justice and demonstrates that the State improperly targeted or discriminated against him. Levi seems to argue that the reason he was targeted is his discovery of the "gift mortgages" scheme. But Levi's "gift mortgages" theory was addressed at length in the previous case.[10] It, too, is therefore barred by res judicata.[11]

11. Levi's final claim about evidence relating to his service as guardian is unrelated to his unemployment fraud matter.[12] Issues relating to the guardianship case must be raised in that case or in an appeal from decisions made in that case. The

---

[9] *Patterson v. Infinity Ins. Co.*, 303 P.3d 493, 497 (Alaska 2013) (quoting *Angleton v. Cox*, 238 P.3d 610, 614 (Alaska 2010)).

[10] *See Levi*, 433 P.3d at 1142 n.4, 1146-47.

[11] There is no indication in the record that Levi ever sought disclosure of the report from the superior court, nor does Levi point to any legal basis for his assertion that he is entitled to the report. *See Casciola v. F.S. Air Serv., Inc.*, 120 P.3d 1059, 1063 (Alaska 2005) ("[A] *pro se* litigant's briefing must allow his or her opponent and this court to discern [his or her] legal argument" and must "cite authority and provide a legal theory.").

[12] *Compare Levi v. State, Dep't of Lab. & Workforce Dev.*, No. 3AN-17-05944 CI (administrative appeal), *with In re Protective Proceedings of L.O.*, No. 3AN-12-01731 PR (protective proceeding).

superior court has no jurisdiction over decisions made by a different superior court judge.[13]  This claim was properly dismissed.[14]

12.     We AFFIRM dismissal of this case.

---

**13**     *See* AS 22.10.020.

**14**     *See* Alaska R. Civ. P. 12(h)(3) ("Wherever it appears . . . that the court lacks jurisdiction of the subject matter the court shall dismiss the action.").